UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LANNY KAY TALBOT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH, GOVERNOR GARY R. HERBERT, UTAH ATTORNEY GENERAL SEAN D. REYES, DEMOCRATIC NATIONAL COMMITTEE, TOM PEREZ, JUDGE BRODY KEISEL, and HOLLY RAMSAY,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING STATE DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 4:19-cv-00079-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants State of Utah, Governor Gary R. Herbert, Utah Attorney General Sean D. Reyes, Judge Brody Keisel and Holly Ramsay ("State Defendants"), move to dismiss Plaintiff Lanny Kay Talbot's complaint in its entirety based on his failure to state a claim upon which relief can be granted. ("State Defendants' Motion").[1] State Defendants' Motion is based on the *Younger* abstention doctrine, judicial immunity, Eleventh Amendment immunity, the failure to file a notice of claim as required by the Governmental Immunity Act of Utah, and the failure to state involvement by Governor Herbert or Utah Attorney General Reyes.

Plaintiff opposes the State Defendants' Motion[2] and moves for injunctive relief in his pending state divorce case due to jurisdictional issues and Fourteenth Amendment issues

---

[1] Motion to Dismiss and Memorandum in Support, docket no. 14, filed November 6, 2019.
[2] Motion(s): Answer to Defendant(s) 5 parts ("Opposition"), docket no. 32, filed December 18, 2019. The Opposition also opposes a separate motion to dismiss filed by Defendants Democratic National Committee and Tom Perez.

("Plaintiff's Motion to Stay").³ He also moves for dismissal of his pending state divorce case due to satisfaction of judgment ("Plaintiff's Motion to Dismiss").⁴

State Defendants' Motion is GRANTED and Plaintiff's Motion to Stay and Plaintiff's Motion to Dismiss are DENIED.

## BACKGROUND

Talbot is a party in an ongoing divorce case that began with his filing of a divorce petition against his wife, Marie Talbot, in 2008.⁵ A decree of divorce was entered by then-assigned Judge Paul Lyman of the Utah Sixth District Court later that year.⁶ On November 10, 2011 Talbot was found in contempt of court by Judge Lyman for not abiding by an insurance requirement of the decree.⁷ Attorney's fees were awarded to Marie Talbot along with an order that Talbot comply within two weeks.⁸ Several more years of proceedings went by, and the case was reassigned to Judge Keisel.⁹ Talbot was eventually found in contempt again on October 5, 2018 for not complying with the insurance requirement, not paying the attorney's fees, and not paying the judgment amount in the divorce decree.¹⁰

---

³ "Concurrent Motions (Opposes State Defendants) in U.S. Code §2283. Stay of State court Proceedings with Motion of Estoppel in bad Conduct and Color in Law by Utah actors therein," docket no. 16, filed November 8, 2019.
⁴ "Plaintiff's Motion to Dismiss Case in Sixth District Court for Kane County, Utah," docket no. 30, filed December 12, 2019.
⁵ *See Generally* "2nd Filing for Foreign Force on Person Trespass and Property" ("Complaint"), docket no. 1, filed September 27, 2019; Complaint, Exhibit 5, docket no. 1-5, filed September 27, 2019; Complaint, Exhibit 9, docket no. 1-9, filed September 27, 2019; Complaint, Exhibit C, docket no. 1-15, filed September 27, 2019; Complaint, Exhibit K, docket no. 1-23, filed September 27, 2019.
⁶ Utah Sixth District Court for Kane County Case #084600002.
⁷ *Id.*
⁸ *Id.*
⁹ *Id.*
¹⁰ *Id.*

Talbot filed a Notice of Appeal on October 16, 2018 and the case proceeded through the Utah Court of Appeals.[11] The Court of Appeals affirmed the District Court's contempt order, and Talbot filed a Petition for Writ of Certiorari with the Utah Supreme Court.[12] The Writ was denied on May 30, 2019.[13] The District Court scheduled a review for June 13, 2019, but Talbot did not appear.[14] Judge Keisel then scheduled an Order to Show Cause hearing for July 11, 2019.[15] Talbot again failed to appear, and Judge Keisel issued a $1,000 cash only warrant.[16] Talbot was booked into jail on the warrant, posted the $1,000 cash bail, and a hearing was held on August 8, 2019.[17] of the August 8, 2019 hearing, the bail was forfeited to Marie Talbot and a Writ of Execution was scheduled.[18] An evidentiary hearing on the Writ of Execution is currently scheduled for March 16, 2020.[19]

## STANDARD OF REVIEW – MOTION TO DISMISS

In reviewing a 12(b)(6) motion to dismiss, this Court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff.[20] But a claim survives only if "there is plausibility in the complaint."[21] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22] Threadbare recitals of elements, facts "merely

---

[11] Utah Court of Appeals #20180838.
[12] Utah Supreme Court #20190355.
[13] *Id.*
[14] Utah Sixth District Court for Kane County Case #084600002.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *E.g., Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).
[21] *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted).
[22] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient.[23]

In reviewing a motion to dismiss, this Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed.[24] In the context of a motion to dismiss, this Court may take judicial notice of a state court docket and filings.[25]

## DISCUSSION

I. State Defendants' Motion to Dismiss

The *Younger* abstention doctrine applies to bar the claims against all State Defendants, including the State of Utah, Governor Herbert, Utah Attorney General Reyes, Judge Keisel and Ramsay. To the extent there are state tort claims, the Plaintiff's failure to file a Notice of Claim bars these claims. Additionally, the doctrine of judicial immunity bars the claims against Judge Keisel and Ramsay. Also, Eleventh Amendment immunity bars the claims against the State, and the State is not a "person" who can be sued pursuant to 42 U.S.C. §1983. Finally, there is no stated involvement by Governor Herbert and Utah Attorney General Reyes so the claims against them are barred.

---

[23] *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).
[24] *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).
[25] *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Stack v. McCotter*, No. 02-4157, 79 F. Appx. 383, 391 (10th Cir. Oct. 24, 2003) (unpublished) (recognizing that the court can take judicial notice of a state district court docket sheet).

a. The *Younger* Abstention Doctrine Applies

Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action.[26] The Supreme Court in *Younger* held that a federal court should not enjoin an ongoing state criminal court proceeding, and the doctrine has been expanded to include administrative and civil actions.[27]

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[28] The three elements required for abstention are:

> (1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[29]

*Younger* abstention is non-discretionary; it must be invoked when the three conditions are satisfied, absent extraordinary circumstances.

All of the *Younger* abstention factors are present here. First, the state court proceedings are ongoing. Talbot's divorce proceedings are alive, subject to modification, and appeal. In fact, an evidentiary hearing on the Writ of Execution is currently scheduled for March 16, 2020. So, the first *Younger* factor is satisfied.

---

[26] *Younger v. Harris*, 401 U.S. 37 (1971).
[27] *Aanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997) cert. denied, 523 U.S. 1005 (1998).
[28] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).
[29] *Amanatullah*, 187 F.3d at 1163 (*quoting* *Taylor v. Jaquez*, 126 F.3d at 1297 (quotations omitted)).

5

Second, the state proceedings provide an adequate forum to hear the claims. The divorce case history demonstrates contentious divorce proceedings, with litigation over insurance, property, and the divorce decree judgement. Talbot has already appealed the trial court's contempt order of October 5, 2018 to the Utah Court of Appeals, and filed a Writ of Certiorari with the Utah Supreme Court. Although he may not have been satisfied with the results, "[t]he fact that [a plaintiff] has not obtained the relief he seeks in state court does not mean that he has not had an adequate opportunity to present his federal claims in the state court proceedings."[30] Further, with proceedings in the trial court ongoing, Talbot is at liberty to appeal again after further trial court rulings. A "necessary concomitant of *Younger* is that a party … must exhaust [its] state appellate remedies before seeking relief in the [U.S.] District Court . . . ."[31] The bottom line is that, whether in the trial court or appellate courts, the state court provides an adequate forum.

Finally, there are important state interests involved in the state trial court proceedings, which involve family law. "[R]egulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States."[32] The state has a strong interest in regulating marriage, divorce, child custody, and related disputes.[33] Utah state interests are compelling, and thus the third *Younger* factor is satisfied. Thus the *Younger* abstention doctrine applies to bar Talbot's claims.

---

[30] *Dodson v. Colo.*, No. 12-cv-01064-BNB, 2012 WL 1865631, at *1 (D. Colo. May 22, 2012) (unpublished).
[31] *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).
[32] *United States v. Windsor*, 570 U.S. 744, 766 (2013) (citation and quotations omitted).
[33] *Julander v. Lee*, 2018 WL 1183376, *2 (D. Utah 2018) (unpublished); *Morkel v. Davis*, 513 Fed.Appx. 724, *3 (10th Cir. 2013) (unpublished); *Shoemaker v. Dawson*, 2012 WL 2327823, *3 (D. Utah, N. Div. 2012) (unpublished).

b. <u>Talbot Has Failed to File a Notice of Claim</u>

The Governmental Immunity Act of Utah, Utah Code Title 63G, Chapter 7, "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority."[34] Under the Immunity Act, before a claimant may file a lawsuit against an employee of the State of Utah, the claimant must comply with the Utah Governmental Immunity Act's notice of claim requirements.[35] Those requirements mandate that "[a]ny person having a claim against a governmental entity … or … [its] employee … shall file a written notice of claim with the entity before maintaining an action …."[36] Utah courts have "consistently and uniformly held that suit may not be brought against the State or its subdivisions unless the requirements of the Governmental Immunity Act are strictly followed."[37] "Failure to strictly comply with these requirements results in a lack of [subject matter] jurisdiction."[38]

The act Talbot complains of—adjudicating his divorce case—is undoubtedly within the scope of employment of government employees.[39] Talbot has not filed a notice of claim with the State. Therefore, to the extent he brings his claims under state tort law, this Court does not have subject matter jurisdiction.

c. <u>The Doctrine of Judicial Immunity Applies</u>

It is well-settled that judges are shielded with absolute immunity from lawsuits for money damages based on their judicial action, including suits pursuant to 42 U.S.C. § 1983, and for

---

[34] Utah Code Ann. §63G-7-101.
[35] Utah Code. §63G-7-401(2); *see also Doyle v. Lehi City*, 2012 UT App 342, ¶ 41, 291 P.3d 853.
[36] Utah Code Ann. §63G-7-401(2).
[37] *Hall v. Utah State Dep't of Corr.*, 2001 UT 34, ¶ 23, 24 P.3d 958.
[38] *Heideman v. Washington City*, 2007 UT App 11, ¶ 12, 155 P.3d 900.
[39] Utah Code Ann. § 63G-7-202(3)(a); *Salo v. Tyler*, 2018 UT 7, ¶¶ 35–36, 417 P.3d 581, 589.

lawsuits based on state law.[40] The doctrine of judicial immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."[41]

The rationale for this defense is to incorporate traditional common-law immunities and to allow functionaries in the judicial system the latitude to perform their tasks absent the threat of retaliatory civil litigation.[42] There are only two exceptions to absolute judicial immunity: (1) when the judge's actions are taken outside his role as a judge, i.e., entirely non-judicial conduct, or (2) when the judge's actions are taken in the complete absence of jurisdiction.[43]

The first exception does not apply. Talbot's claims, based on §§1983 and 1988, and fraud and theft, are for money damages,[44] and relate to Judge Keisel's decisions made in the course of presiding over Talbot's divorce case. There are no actions alleged to have been taken outside his role as judge.

Nor does the second exception apply. Talbot challenges Judge Keisel's jurisdictional authority to decide the case, not only in his Complaint,[45] but also in Plaintiff's Motion to Stay.[46] But these arguments do not change the fact that Judge Keisel had jurisdiction to handle Talbot's case. A state district court undoubtedly has jurisdiction over family law matters.[47] In fact,

---

[40] *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1189–90 (10th Cir. 2008) (*citing Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990)); *Bailey v. Utah State Bar*, 846 P.2d 1278, 1280 (Utah 1993) (recognizing judicial immunity barring state law causes of action).
[41] *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871).
[42] *Id.*
[43] *Mireles*, 502 U.S. at 11–13; see also *Stein*, 520 F.3d at 1195 (an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the complete absence of all jurisdiction).
[44] Complaint, *supra* note 5, at 8, 10-13, 17-19, and 25.
[45] *Id.* at 8.
[46] Plaintiff's Motion to Stay, *supra* note 3, at 7-9.
[47] Utah Const. art. VIII §§1, 5.

"[f]amily relations are a traditional area of state concern," and federal courts are "unwilling to conclude that state processes are unequal to the task of accommodating the various interests and deciding the constitutional questions that may arise" in such matters.[48]

Talbot cannot avoid jurisdiction by arguing that he "moved his person into the new restored 'The United States of America.'"[49] Nor can he avoid jurisdiction by saying that "[t]he Plaintiff and his Person were moved into PMA/Trust Instrument under the care, custody, and control of 1st in time and 1st in right 'The United States of America,'"[50] or that he "is Operating within an Instrument made as a device for security of and for Plaintiff Person …."[51] These arguments, often made by so-called "sovereign citizens," are meritless.

"[A]n individual's belief that [his] status as a sovereign citizen puts him beyond the jurisdiction of the courts has no conceivable validity in American law."[52] "Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman or by the use of special seals … or by the recitals of Special Words, Phrases or Arcane Incantations."[53] "Regardless of an individual's claimed status … be it as a sovereign citizen, a secured-party creditor, or a flesh-and-blood

---

[48] *Moore v. Sims*, 442 U.S. 415, 435 (1979).
[49] *Id*. at 7.
[50] *Id.* at 10-11.
[51] *Id*. at 11.
[52] *Browne v. Scott*, No. 19-2167-DDC-TJJ, 2019 WL 5084621, * 3 (D. Kan. Oct. 10, 2019) (*quoting Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (quotation marks omitted)) (unpublished).
[53] *Utah Dep't of Workforce Servs. v. Geddes*, No. 2:13-CV-24 TS, 2013 WL 1367025, * 2 (D. Utah Apr. 4, 2013) (unpublished) (*citing Richmond v. Wampanoag Tribal Court Cases*, 431 F. Supp. 2d 1159, 1161 (D. Utah 2006)).

human being, that person is not beyond the jurisdiction of the courts."[54] In fact, such arguments "are patently frivolous" and "should be rejected summarily, however they are presented."[55]

Most importantly, "a plaintiff's filing suit constitutes consent to a district court's exercise of jurisdiction over him or her."[56] Talbot filed a divorce petition against his wife Marie Talbot in the Sixth Judicial District of the State of Utah, thus beginning the state court proceeding that is now at the core of his claim.[57] He cannot now make a colorable argument that the Sixth District lacked jurisdiction. Therefore, Talbot's argument that the Sixth District lacked jurisdiction fails, and no exception applies to bar the application of judicial immunity to Judge Keisel.

Similarly, Ramsay, a clerk of the Sixth Judicial District Court of Utah, is entitled to absolute immunity. Individuals who take actions "in the performance of an integral part of the judicial process" are entitled to absolute immunity.[58] "Thus, clerks of courts have been ruled immune to suit under §1983 when performing 'quasi-judicial' duties."[59] "Other courts have held that absolute immunity applies where a court clerk is acting under the command of a court decree or explicit instructions from a judge."[60] Accordingly, the Tenth Circuit has upheld the District Court of Utah's dismissal of a claim against a court clerk for failure to state a plausible claim and

---

[54] *United States v. Sellors*, 572 Fed. Appx. 628, 632 (10th Cir. 2014) (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (quotation marks omitted)).
[55] *Sellors*, 572 Fed. Appx. at 632 (quoting *Benabe*, 654 F.3d at 767); *see also United States v. Palmer*, 699 F. App'x. 836, 838 (10th Cir. 2017) ("As for Palmer's sovereign state citizen argument, reasonable jurists could also not disagree that the claim is plainly frivolous.").
[56] *Rollins v. Ingersoll-Rand Co.*, 240 F. App'x. 800, 802 (10th Cir. 2007) (*citing Moore v. Rohm & Haas Co.*, 446 F.3d 643, 646 (6th Cir. 2006)).
[57] Utah Sixth District Court for Kane County Case #084600002.
[58] *Jensen ex rel. Jensen v. Cunningham*, 2011 UT 17, ¶ 52, 250 P.3d 465, 479.
[59] *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981) (citing *Smith v. Rosenbaum*, 460 F.2d 1019 (3rd Cir. 1972); *Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973)).
[60] *Id*. (*citing Slotnick v. Garfinkle*, 632 F.2d 163 (1st Cir. 1980); *Williams v. Wood*, 612 F.2d 982 (5th Cir. 1980)).

absolute judicial immunity.[61] As Talbot's factual allegations are about his divorce case, and as he has not alleged any acts by Ramsay outside of her clerical duties, she is entitled to immunity, along with Judge Keisel.

    d. <u>Eleventh Amendment Immunity Applies and the State of Utah is not a "Person" Subject to Suit under §1983</u>

"The Eleventh Amendment prohibits federal courts from entertaining suits 'commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'"[62] Although a sovereign's immunity may be waived by its consent, courts insist that "the State's consent be unequivocally expressed."[63] Similarly, although Congress has power to abrogate Eleventh Amendment immunity as it legislates to protect the rights of the Fourteenth Amendment, "we have required an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'"[64]

Under 42 U.S.C. §1983, actions may be brought in federal court by plaintiffs seeking a remedy against "persons" who violate federal rights while "acting under color of state law."[65] To be a proper defendant for a damages action under §1983, the defendant must be a "person" as that term has been interpreted by federal case law.[66] "Neither the state, nor a governmental entity

---

[61] *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) (unpublished). *See also Fishinghawk v. Kissinger*, 764 Fed.Appx. 827, 828 (10th Cir. 2019) (unpublished).
[62] *Powder River Basin Resource Council v. Babbitt*, 54 F.3d 1477, 1482 (10th Cir. 1995) (citing U.S. Const. amend. XI).
[63] *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (citation omitted).
[64] *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).
[65] 42 U.S.C. §1983; *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).
[66] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

that is an arm of the state . . . , nor a state official who acts in his or her official capacity, is a 'person' within the meaning of §1983."[67]

"Thus, although '[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, … it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.'"[68] Accordingly, the State of Utah is not a proper defendant in this claim.

      e. <u>No Stated Involvement by Governor Herbert and Utah Attorney General Reyes</u>

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[69] Claims which are essentially "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are rejected as insufficient to proceed to discovery.[70] "The relevant inquiry is whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition . . . ."[71] In other words, a plaintiff must prove "an affirmative link" between each Defendant's conduct and the alleged constitutional deprivations.[72]

In this case, no facts are alleged regarding Governor Herbert's actions or participation, or Utah Attorney General Reyes's actions or participation, causing Talbot any sort of harm. In fact, neither are even mentioned in the Complaint beyond the case heading. This does not meet the

---

[67] *Harris v. Champion*, 51 F.3d 901, 905–906 (10th Cir. 1995) (citation omitted).
[68] *Farmer v. State of Okl.*, 996 F.2d 310 (10th Cir. 1993) (unpublished) (citation omitted). *See also Coleman v. Utah State Charter Sch. Bd.*, No 2:10-cv-1186-TC, 2011 WL 4527421, at * 2–3 (D. Utah. Sept. 28, 2011) (dismissing §1983 claims against the Utah State Charter School Board, with prejudice, because the board is not a "person" for the purpose of §1983).
[69] *Iqbal*, 556 U.S. at 676.
[70] *Id.* at 678.
[71] *Tafoya v. Salazar*, 516 F.3d 912, 922 (10th Cir. 2008) (citations and quotations omitted).
[72] *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156–57 (10th Cir. 2001).

bare minimum requirements of the pleading standard under *Iqbal* and *Twombly*.[73] And so, claims against them are dismissed.

II. <u>Plaintiff's Motion to Stay</u>

Plaintiff moves for a stay of the state court proceedings in his divorce case, claiming a lack of jurisdiction by the state court, satisfaction of the judgment, and a lack of Due Process and Equal Protection under the Fourteenth Amendment of the United States Constitution.[74] However, as set out in section I, subsection a above, the *Younger* abstention doctrine applies to bar a federal court from exercising jurisdiction over a case where there is an ongoing state action.[75] The only exception is where there are extraordinary circumstances.

Extraordinary circumstances are shown "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction …."[76] Extraordinary circumstances may also occur "where irreparable injury can be shown."[77] The "threat to the plaintiff's federally protected rights is only irreparable if it cannot be eliminated by … defense against a single prosecution."[78] If a "pending state court action may resolve any violation which may have occurred" to a plaintiff's protected rights, the "extraordinary circumstances" exception to the *Younger* abstention doctrine "is … inapplicable."[79]

---

[73] *See Rusk v. Warner*, No. 17-4044, 693 Fed.App'x 778, 779 (10th Cir. 2017) (unpublished) (affirming dismissal of civil rights complaint against federal magistrate judge because the pro se plaintiff included nothing more than "conclusory statements" about the harm caused by the magistrate judge during the course of a case).
[74] Plaintiff's Motion to Stay, *supra* note 3, at 6-12, 15.
[75] *Younger*, 401 U.S. at 37.
[76] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).
[77] *Id.*; *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999).
[78] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citation and quotation marks omitted).
[79] *Weitzel v. Division of Occupational and Professional Licensing*, 240 F.3d 871, 876 (10th Cir. 2001).

The docket of Talbot's divorce case demonstrates an ongoing proceeding, not yet fully resolved, and from which he can appeal if he disagrees with the ultimate outcome.[80] There are no indications of extraordinary circumstances. In fact, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States …."[81] Therefore, the *Younger* abstention doctrine applies here, and there is no "extraordinary circumstances" exception.

Talbot, like any other litigant, must raise his claims in state court and appeal any decisions he believes are incorrect to the Utah Court of Appeals or Supreme Court. His remedy is not to ask this Court to step in and mediate his ongoing state court case.

III. Plaintiff's Motion to Dismiss

Plaintiff moves for a dismissal of his state court proceedings in his divorce case based on satisfaction of judgment.[82] Because the *Younger* abstention doctrine applies, as described in section I, subsection a, and section II, Plaintiff's Motion to Dismiss is denied.

---

[80] *See Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) ("For purposes of *Younger*, plaintiff's ability to raise his constitutional claims on appeal is sufficient to establish the state court as an adequate forum.").
[81] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).
[82] Plaintiff's Motion to Dismiss, *supra* note 4, at 2, 4.

14

# **ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that State Defendants' Motion to Dismiss[83] is GRANTED. Plaintiff's Motion to Stay[84] is DENIED and Plaintiff's Motion to Dismiss[85] is DENIED.

Signed February 5, 2020.    BY THE COURT

David Nuffer
United States District Judge

---

[83] Docket no. 14, filed November 6, 2019.
[84] Docket no. 16, filed November 8, 2019.
[85] Docket no. 30, filed December 12, 2019.