UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LANNY KAY TALBOT,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF UTAH, GOVERNOR GARY R. HERBERT, UTAH ATTORNEY GENERAL SEAN D. REYES, DEMOCRATIC NATIONAL COMMITTEE, TOM PEREZ, JUDGE BRODY KEISEL, and HOLLY RAMSAY,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEMOCRATIC NATIONAL COMMITTEE AND TOM PEREZ'S MOTION TO DISMISS**<br><br>Case No. 4:19-cv-00079-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants Democratic National Committee ("DNC") and DNC Chair Tom Perez move to dismiss Plaintiff Lanny Talbot's Complaint with prejudice under Federal Rules of Civil Procedure 8(a) and 12(b) because Talbot lacks standing to bring this lawsuit, failed to state any involvement by Defendants, and any potential claims against Defendants are barred by the statute of limitations.[1] Defendants' Motion to Dismiss is GRANTED with prejudice.

## BACKGROUND

Talbot appears to claim that the DNC forced him into a "social compact," and his rejection of this compact means that he is not bound by the laws of Utah. More specifically, Talbot states that the "Democratic Political Unit(s) known as the DNC or Democratic Party has forced [sic] placed Americans into an [sic] non-vote constraint not created for a popular election and vote, but

---

[1] Motion to Dismiss, docket no. 29, filed December 11, 2019. Plaintiff filed an opposing document. *See* "Motion(s): Answer to Defendant(s) 5 parts," docket no. 32, filed December 18, 2019.

under the rouse and guise and in stealth where congressional members made claims in the congressional record and were never answered."[2]

Talbot attempts to show evidence of this forced constraint by referencing the ceremonial signing of the Declaration of Interdependence of 1976 ("the Declaration").[3] Talbot alleges that the Declaration, which he attaches as an exhibit to his Complaint, was authored by the "World Affairs Council of Philadelphia" and its stated goal was to unite mankind.[4] According to Talbot's own exhibit, the Declaration itself was symbolic in nature and had no real authoritative power. He alleges through the exhibit that the signatories to the Declaration include, among others, Republican and Democratic Congressmembers, ambassadors, board members from private companies, and university presidents. Neither the DNC nor Mr. Perez is a signatory to the Declaration, nor did Talbot allege any facts showing that they had anything to do with its creation.

## STANDARD OF REVIEW

Under Article III of the U.S. Constitution, federal courts have jurisdiction only over "cases" or "controversies." As such, before a federal court may hear a case, it must decide whether Article III is satisfied, including whether the plaintiff has standing to pursue his claims.[5] This requirement is "an essential limit" to the federal judiciary's power, pursuant to which "it is not enough that the party invoking the power of the court have a keen interest in the issue."[6] Rather, any party seeking to invoke the jurisdiction of the federal courts bears the burden of establishing three essential requirements: (1) that it suffered an "injury in fact" that was "concrete and particularized," and "actual or imminent," (2) that there is "a causal connection between the injury and the conduct

---

[2] "2nd Filing for Foreign Force on Person Trespass and Property" ("Complaint") at 22-23, docket no. 1, filed September 27, 2019.
[3] Id. at 23-24; id., Exhibit 2, docket no. 1-2, filed September 27, 2019.
[4] Id., Exhibit 2 at 7.
[5] See Valley Forge Christian College v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471-73 (1982).
[6] Hollingsworth v. Perry, 570 U.S. 693, 700 (2013).

complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court,'" and (3) that it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"[7] The standing requirement applies to each claim that a plaintiff seeks to press, and the absence of any of its elements for any claim requires the claim's dismissal.[8] A motion to dismiss for want of standing implicates the court's subject matter jurisdiction and, is therefore properly brought under Federal Rule of Civil Procedure 12(b)(1).

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard.[11] A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"[12] to one that is "plausible on its face"[13] rather than merely "conceivable."[14] While, at this stage, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff, legal conclusions enjoy no such deference.[15]

////

---

[7] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (*quoting Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 41-42 (1976)).
[8] *See DaimierChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[10] *Id.*
[11] *Id.*
[12] *Twombly*, 550 U.S. at 555 (citation omitted).
[13] *Id.* at 570.
[14] *Id.*
[15] *Iqbal*, 556 U.S. at 678 (noting a court is "not bound to accept as true a legal conclusion couched as a factual allegation") (citation omitted).

# DISCUSSION

**I. Talbot lacks standing to pursue this lawsuit.**

Talbot lacks standing because he does not allege a personal injury arising from the Declaration from 1976, an alleged document upon which the Complaint relies. The Complaint offers no facts or explanation as to how Talbot was injured as a result of the Declaration.

Even if Talbot had alleged an injury—though he did not—he lacks standing because he cannot trace any purported injury to the DNC's or Mr. Perez's actions. And even if he had somehow traced his purported injuries to the DNC or Mr. Perez, Talbot fails to show how a favorable decision from this Court could redress his injuries.

Because Talbot failed to satisfy the requirements under Article III, this Court lacks jurisdiction to hear the claims against Defendants.

**II. Talbot fails to state involvement by either the DNC or Tom Perez.**

The Court lacks jurisdiction and therefore need not further analyze Talbot's claims but nonetheless finds, in the alternative, that Talbot fails to state a claim under the Rule 12(b)(6) standard. Talbot does not claim that the Declaration, an alleged document upon which Talbot's Complaint depends, was signed by the DNC or any of its agents. And Talbot failed to make any allegations against Tom Perez in the Complaint. The Court dismisses all claims against Defendants because Talbot failed to state any plausible claim against either the DNC or Tom Perez.

**III. Talbot's claims are barred by the statute of limitations.**

Though the Court has already found that Talbot's Complaint fails in numerous respects, it also notes, in the alternative, that Talbot's claims are barred by the statute of limitations. The Complaint alleges claims against Defendants arising from the First Amendment and "political

theft."[16] Any claim is bound by Utah's statute of limitations.[17] The longest statute of limitations in Utah is eight years.[18] Even if the Court applied this statute of limitations to this case—and it likely cannot—the statute does not reach back 43 years to include the Declaration that Talbot claims was signed in 1976 and that forms the basis of his claims against Defendants. Therefore, Talbot's claims against Defendants are barred by any statute of limitations.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[19] is GRANTED. Because the defects in the Complaint cannot be cured by amendment, the Court DISMISSES Plaintiff's claims against the DNC and Tom Perez with prejudice.

Signed February 5, 2020.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[16] Complaint, *supra* note 2, at 22 (also called "theft of tangible and intangible rights"), 26.
[17] *Mata v. Anderson*, 635 F.3d 1250, 1252 (10th Cir. 2011) (explaining that state law governs limitations and tolling issues).
[18] *See* Utah Code Ann. § 78B-2-311.
[19] Docket no. 29, filed December 11, 2019.